## IN THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JENINNE M. HIXSON, | ) |
| | ) |
|     Plaintiff | ) |
| | ) |
|      v. | ) |
| | ) |
| BELLWOOD SCHOOL DISTRICT 88, | ) |
| BOARD OF EDUCATION OF BELLWOOD | ) |
| SCHOOL DISTRICT 88, DAISY ALLEN, | ) |
| Individually, JANICE JOHNSON STARKS, | ) |
| Individually, DOROTHY SMITH, Individually, | ) |
| MARILYN THURMAN, Individually, | ) |
|     Defendants | ) |

## COMPLAINT

Plaintiff, JENINNE M. HIXSON by her attorneys, RICHARD F. BLASS & ASSOCIATES, LLC., complains of Defendants BELLWOOD SCHOOL DISTRICT 88, BOARD OF EDUCATION OF BELLWOOD SCHOOL DISTRICT 88, DAISY ALLEN, and JANICE JOHNSON SPARKS, as follows:

### I. NATURE OF THE ACTION

1. This is a civil action for damages, declaratory judgment and injunctive relief to remedy defendants' deprivation of plaintiff's rights under the United States Constitution. Plaintiff has been deprived of her rights under the First and Fourteenth Amendments by reasons of Defendants' discharge of Plaintiff in retaliation for her exercise of freedom of political association, including Plaintiff's political support of Phylistine Murphy, Bellwood Mayor Frank Pasquale and the Bellwood First Party in opposition to Daisy Allen and Janice Johnson Starks in the 2015 election for the Bellwood District 88 School Board. Plaintiff brings this action under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

## II. JURISDICTION AND VENUE

2. The civil rights claim in this action is brought pursuant to 42 U.S.C. §1983 for deprivations of plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution. This Court has jurisdiction over those claims pursuant to 28 U.S.C. §1331 and 1343.

3. Declaratory and injunctive relief is authorized pursuant to 28 U.S.C. §§2201 and 2202, and Federal Rules of Civil Procedure 57 and 65.

4. Venue is proper in the Northern District of Illinois because all parties reside within the district and all relevant actions occurred within this district.

## III. FACTS

5. Plaintiff Jeninne Hixson is a former 24 year resident of the Village of Bellwood, and is now a resident of the Village of Westchester, Cook County, Illinois.

6. Plaintiff Hixson was employed as a substitute teacher for Defendant Bellwood School District 88 ("the District") from 2009 to 2011.

7. In September 2011, Plaintiff Hixson was hired as a full time Executive Assistant by Dr. Phylistine Murphy ("Murphy") who was the Chief Operations Officer for the District at that time.

8. Murphy became Acting Superintendent in or around December 2011.

9. Plaintiff Hixson reported to Murphy at all time relevant to this Complaint and throughout her full time employment as an Executive Assistant in the District

10. Plaintiff Hixson was one of two employees of the Bellwood School District 88 who held the title of Executive Assistant. The other Executive Assistant position was and is currently held by Patricia Walton.

11. Bellwood School District 88 is a local governmental body established under the laws of the State of Illinois with its boundaries including largely the Village of Bellwood, but also including portions of the Villages of Melrose Park and Stone Park.

12. At all times relevant to this Complaint, Murphy also served as an elected Village Trustee for the Village of Bellwood.

13. At all times relevant to this Complaint, Plaintiff Hixson and Murphy were  supporters of the Bellwood First political organization.

14. The Bellwood First political organization was and still is led by Bellwood Village Mayor Frank Pasquale.

15. The Bellwood First political organization is the largest and most politically influential organization in the Village of Bellwood and the Bellwood School District 88, whose boundaries overlap.

16.  An endorsement of a Village or School Board candidate by Bellwood Mayor Pasquale virtually ensures that candidate's election.

17.  Both Murphy and Plaintiff Hixson publically supported the Bellwood First political organization and the candidacy of Mayor Pasquale and other Bellwood First candidates.

18. Both Murphy and Plaintiff Hixson, along with the parents of Plaintiff Hixson,  volunteered their time to work for the Bellwood First political organization.

19.  Defendant Bellwood School District 88 even retained the same legal counsel, Michael Castaldo, as the Village of Bellwood retained.

20.  Plaintiff Hixson, Murphy and Michael Castaldo attended a number of the same fundraisers for the Bellwood First political organization.

21.  Defendant Daisy Allen was the President of the Board of Education for Bellwood School District 88 in October 2014 and for all times relevant to this Complaint.

22. Defendant Janice Johnson Starks was the Secretary of the Board of Education for Bellwood School District 88 in October 2014 and for all times relevant to this Complaint.

23.  Defendant Marilyn Thurman was a Board Member of the Board of Education for the District at all times relevant to this Complaint

24. Defendant Dorothy Smith was a Board Member of the Board of Education for the District at all times relevant to this Complaint.

25. Defendants Allen, Stark, Thurman and Smith formed a voting majority on the Board of Education and thus had significant influence over the Board of Education as a body.

26. The elected terms of Defendants Allen and Starks expired in 2015, requiring them each to seek re-election in order to remain on the Board of Education.

27. In or around March of 2014, the District established a deficit reduction plan.

28. Pursuant to that deficit plan, Murphy, as Superintendent, had selected Patricia Walton for layoff.

29. Defendants Allen and Starks declared their intent to seek re-election for their seats on the Bellwood School District 88 Board of Education prior to October, 2014 and sought political support and endorsement from Mayor Frank Pasquale in that election.

30. In September and early October 2014, Defendants Allen and Starks repeatedly inquired of Attorney Castaldo whether Bellwood Mayor Pasquale would support and endorse Defendants Allen and Starks in their re-election bid.

31. In either late September or early October 2014 Bellwood Mayor Pasquale, through Attorney Castaldo, notified Defendants Allen and Starks that he was not prepared to support and endorse their candidacy for re-election to the School Board.

32. Shortly after Defendants Allen and Starks learned that Bellwood Mayor Pasquale was not prepared to support and endorse their candidacy for re-election to the School Board, the School Board terminated Phylistine Murphy as Superintendent and Michael Castaldo resigned in lieu of being terminated as their attorney.

33. At the same time as the events described in Paragraph 30 - 32 above, on or about October 6, 2014, after a meeting of the Board of Education, Defendant Thurman told Plaintiff Hixson to take the following day (October 7, 2014) off of work because the Board "did not know what they were going to do with her [Plaintiff]".

34.  On October 8, 2014, when Plaintiff Hixson returned to work, she was suspended without pay by the newly appointed Interim Superintendent, Rosemary Hendricks without any explanation.

35.  On or about October 10, 2014, at a Special Board Meeting of Defendant School Board, called by Defendants Allen and Starks for the sole reason to discharge Plaintiff Hixson, Defendant School Board approved Plaintiff's termination without ever holding an investigatory or pre-disciplinary meeting or notifying her of the reasons for this action.

36.  Until Plaintiff Hixson's discharge, she enjoyed a spotless work record, with excellent performance reviews and free from any disciplinary action.

37.  At the time of Plaintiff Hixson's discharge, she was unaware of any allegations of misconduct pending against her and she had never been advised by any administrator or School Board member that her conduct or performance was in question.

## FIRST AMENDMENT VIOLATION

38. Plaintiff Hixson realleges and incorporates by reference Paragraphs 1-37..

39. Plaintiff Hixson was placed on administrative leave and discharged because of her political activity with the Bellwood First political organization as well as her association and support for Bellwood Trustee Phylistine Murphy and Bellwood Mayor Frank Pasquale, who would not support or endorse incumbent School Board Members Allen and Starks.

40.  Plaintiff Hixson discharged her duties to the Bellwood School District 88 in a professional and able manner, but defendants unlawfully penalized her for exercising her rights under the First Amendment to the United States Constitution.

41. Political affiliation is not an appropriate prerequisite for effective performance of the position from which Hixson was suspended and discharged because Hixson's position with the Bellwood School District 88 did not allow her meaningful input into making or implementing policy decisions for the District.

42. Defendants' deprivations of Hixson's First Amendment rights caused Hixson to suffer substantial losses of salary, benefits and job security, as well as mental and emotional pain and suffering.

43. Defendants' actions have deprived Hixson of rights guaranteed her by the First and Fourteenth Amendments to the United States Constitution.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff JENINNE HIXSON prays that this Court:

    A.  Declare that Defendants' acts and conduct deprived Plaintiff of rights guaranteed her by the First and Fourteenth Amendments to the United States Constitution.

    B.  Preliminarily and permanently enjoin Defendants from continuing to violate Plaintiff's rights under the First and Fourteenth Amendments, by ordering them to cease these impermissible personnel practices against Plaintiff and to:
        1) reinstate Plaintiff to the position from which she was discharged; and
        2) restore any seniority and benefits wrongfully taken from her;

    B.  Award Plaintiff appropriate compensatory damages, including but not limited to, lost wages and benefits, in such amount as will reasonably compensate Plaintiff for her losses;

    C.  . Assess punitive damages against each individual defendant in an amount sufficient to punish Defendants for their willful unlawful acts against Plaintiff and deter Defendants from engaging in such unlawful conduct in the future;

    D.  Award Plaintiff reasonable attorneys' fees and costs of litigation for this cause; and

    E.  Grant such other relief as is just and necessary.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rule of Civil Procedure, Plaintiff demands a jury trial.

Respectfully submitted,
Plaintiff Jeninne M. Hixson

By:_____/s/ Richard F. Blass____
    One of her attorneys

Richard F. Blass
RICHARD F. BLASS & ASSOCIATES, LLC
770 Church Road
Suite H
Elmhurst, Illinois 60126
630–782-2000(telephone)
630-782-2022 (facsimile)
rblass@blass-law.com
ARDC # 6281039